1  GEORGE J. HERNANDEZ, JR., ESQ.,
   SB#107774
2   ghernandez@ericksenarbuthnot.com
   ARCHIE CHIN, ESQ., SB#140331
3    achin@ericksenarbuthnot.com
   ERICKSEN ARBUTHNOT
4  835 Wilshire Blvd., Suite 500
   Los Angeles, California 90017-2603
5  (213) 489-4411
   (213) 489-4332/Fax
6
   Attorneys for Defendants THE ONEIDA
7  GROUP, INC. and ANCHOR HOCKING,
   LLC.
8
                  UNITED STATES DISTRICT COURT
9
             FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11

12  MORGAN & SAMPSON USA, a        CASE NO. 8:20-cv-01551
    California Joint Venture
13                                  The Honorable _____
14         Plaintiff,
                                    **NOTICE OF REMOVAL OF ACTION
15                                  UNDER 28 U.S.C. §§ 1332(a)(1) 1441,
                                    and 1446**
16     vs.
17                                  **[ORANGE COUNTY SUPERIOR
    THE ONEIDA GROUP, INC. a        COURT CENTER CASE NO. 30-2020-
18  Delaware corporation; ANCHOR    01148644-CU-BC-CJC]**
    HOCKING, LLC, a Delaware
19  Limited Liability Company; and
    DOES 1 through 40, inclusive.
20
           Defendants.
21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL**

Defendant THE ONEIDA GROUP, INC., a Delaware corporation ("Oneida"), and Defendant ANCHOR-HOCKING, LLC, a Delaware limited liability company ("Anchor-Hocking") (together "Defendants"), by and though the undersigned counsel and pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, hereby remove the above-captioned action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, Southern Division.  In support of this Notice of Removal, Defendants respectfully states as follows:

**I.    THE STATE COURT ACTION.**

1.    On or about June 18, 2020, Plaintiff Morgan & Sampson USA, a California Joint Venture ("Plaintiff"), filed this action in the Superior Court of the State of California, County of Orange entitled *Morgan & Sampson USA v. The Oneida Group Inc. et al.* (Orange County Superior Court Case No. 30-2020-01148644-CU-BC-CJC).  A copy of Plaintiff's Complaint in the State Court Action is attached as **Exhibit 1**.

2.    Defendants first received the Complaint on July 22, 2020, via service of the Summons and Complaint on its Registered Agent for Service of Process.  A copy of Plaintiff's service of summons is attached as **Exhibit 2**. [1]

4.    This Notice of Removal is timely under 28 U.S.C. §§ 1446(b)(1) and (b)(3) because it is being filed within 30 days of each Defendant receiving the Complaint and learning that the State Court Action is subject to removal.

5.    Plaintiff alleges in its Complaint that it was an authorized independent sales representative for Defendants' housewares products.  (*See* Ex. 1 (Complaint) at ¶ 1.)  Plaintiff alleges in sum and substance that Defendants decreased Plaintiff's sales territory so that Defendants could convert portions of the

---

[1] Defendants were also served a <u>second</u> time on July 30, 2020.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (a)

territory to direct sales and diminish Plaintiff's sales commissions. (*Id.* at ¶¶ 3 and 4.)

6.     The Complaint asserts four causes of action stemming from these allegations:

- First Cause of Action against Defendants for breach of written contract;
- Second Cause of Action against Defendants for violation of *California Civil Code* § 1738.10, *et seq.*;
- Third Cause of Action against Defendants for violation of *Ohio Revised Code* § 1335.11 (plead in the alternative to the Second Cause of Action); and
- Fourth Cause of Action against Defendants for an accounting. (*Id.* at ¶¶ 8-22.)

7.     Although Plaintiff vaguely requests damages "in excess of $25,000," Plaintiff further specifically prays for "compensatory contractual damages in the sum of $53,178.12" and for "treble the amount of said contractual damages, pursuant to *California Civil Code* § 1738.15 or *Ohio Rev. Code* § 1335.11, in the sum of **$159,534.36**" as well as "attorneys' fees and court costs," pursuant to *California Civil Code* § 1738.10, et seq. or *Ohio Rev. Code* § 1335.11(D).     (*Id.* at ¶ 5; *see also* page 8 at prayer for judgment.)

## II.   THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER 28 U.S.C. § 1332(A).

8.     The federal removal statute provides "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed … to the district court of the United States for the district and division embracing the place where such action is pending." *Valle v. Global Exch. Vacation Club*, 320 F.R.D. 50, 62 (C.D. Cal. 2017) (quoting 28 U.S.C. § 1441(a)).

9.     "Diversity jurisdiction exists in federal court if the plaintiff and the defendant(s) are citizens of different states, and the amount of controversy exceeds

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (a)

1  $ 75,000." *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1105 (C.D.
2  Cal 2003)(quoting 28 U.S.C. § 1332).

3       10.     This Court has jurisdiction over this case and removal is proper
4  because Plaintiff is a citizen of a different state than the Defendants and Plaintiff
5  alleges more than $75,000 is at issue, exclusive of interest and costs.

6  **A. The Diversity Requirement Set Forth in 28 U.S.C. § 1332(a)(1) is**
7      **Satisfied.**

8       11.     The diversity-of-citizenship requirement set forth in 28 U.S.C.
9  §1332(a)(1) is satisfied because Plaintiff and Defendants are citizens of different
10  states.

11       12.     As a joint venture, Plaintiff has the citizenship of its members.
12  *Carson Constr. Co. v. Fuller-Webb Constr.*, 198 F. Supp. 464, 469 (D. Mont. 1961).
13  Plaintiff stated it is pleadings that Morgan & Sampson "is a joint venture between
14  Morgan & Sampson, Inc. and Pacific Sales Group, Inc. corporations organized and
15  existing under the laws of the State of California, with their principal places of
16  business in the city of Cypress, California." (*See* Ex. 1 (Complaint.) at¶ 1.)   Thus,
17  Plaintiff is a citizen of California.

18       13.     The diversity statute states that "a corporation shall be deemed to
19  be a citizen of any State by which it has been incorporated and of the State where it
20  has its principal place of business." 28 U.S.C. § 1332(c)(1)).  Defendant Oneida is a
21  Delaware corporation with its principal place of business in Columbus, Ohio.   (*See*
22  Ex. 1 (Complaint.) at ¶2.)  Thus, Defendant Oneida is a citizen of Delaware and
23  Ohio.

24       14.     For purposes of determining diversity jurisdiction, it is clear that
25  a limited liability company "is a citizen of every state of which its owners/members
26  are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th
27  Cir. 2006).  Defendant Anchor-Hocking is a wholly-owned subsidiary of Oneida,
28  and its owners/members are citizens of Delaware and Ohio.  Thus, Defendant

1    Anchor-Hocking is a citizen of Delaware and Ohio.

2        15.        Because Plaintiff is a citizen of a different state than Defendants,

3    the parties satisfy 28 U.S.C. § 1332(a)(1)'s complete diversity requirement.

4    **B. Plaintiff's Allegations Satisfy the Amount-In-Controversy Requirement**

5       **as the Complaint Identifies Damages and Attorney's Fees exceeding**

6       **$75,000.**

7        16.        Plaintiff's allegations in the Complaint demonstrate the amount in

8    controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks

9    commissions to the date of filing of the complaint of $53,178.12, as well as

10   additional commissions that Plaintiff alleges will be owed, plus statutory treble

11   damages totaling **$159,534.36** and attorneys' fees.

12       17.        The removing defendant bears the burden of establishing federal

13   jurisdiction, including any applicable amount in controversy requirement. *Abrego v.*

14   *The Dow Chemical Co.,* 443 F.3d 676, 682-83 (9th Cir. 2006).

15       18.        "The amount in controversy includes the amount of damages in

16   dispute, as well as attorney[s'] fees, if authorized by statute or contract." *Olson v.*

17   *Michaels Stores, Inc.*, 2017 U.S. Dist. LEXIS 122819, *7-8, 2017 WL 3317811

18   (quoting *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)); *see also*

19   *Brady v. Mercedes-Benz USA*, *Inc.*, 243 F. Supp. 2d 1004 (N.D. Cal. Jul 12, 2002)

20   (Amount in controversy was met where compensatory damages, civil penalties

21   under the Song-Beverly Consumer Warranty Act, relief from future lease payments,

22   and a reasonable estimate of attorneys' fees likely to be expended, were combined.);

23   *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th. Cir. 1988)(Where a statute

24   authorizes a fee award, attorney fees may be part of the amount in controversy.).

25       19.        Given the damages Plaintiff seeks from the alleged breach of

26   contract by Defendants, coupled with request for statutory treble damages and

27   attorneys' fees under *California Civil Code § 1738.10, et seq.*, or in the alternative

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (a)

*Ohio Rev. Code § 1335.11*,  the $75,000 amount in controversy threshold is exceeded.

## III.   ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

20.     Defendants Oneida and Anchor-Hocking were each served with the Complaint on July 22, 2020 (and July 30, 2020) and timely filed this Notice of Removal within thirty days of service.   28 U.S.C. § 1446(b)(1).

21.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, and pursuant to 28 U.S.C. § 1446(d), written notice of this filing will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the State of California, County of Orange.

22.     Defendants have not received any process, pleadings, or orders in the State Court Action other than the Summons and Complaint (attached as **Exhibits 1-2**), which are attached to this Notice of Removal under 28 U.S.C. § 1446(a).

23.     Venue is proper in this Court under 28 U.S.C. § 1446(a), because the United States District Court for the Central District of California, Southern Division, is the district court of the United States for the district and division within which the State Court Action is pending.

24.     Based upon the foregoing, this Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1332(a) and 1441, and the Complaint may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

## IV.   CONCLUSION

25.     Through this filing, Defendants remove the State Court Action to the United States District Court for the Central District of California, Southern Division.

26.     By this Notice of Removal, Defendants do not waive any

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (a)

1    objections or defenses they may have to this action, including but not limited to,

2    improper service of process, lack of personal jurisdiction, or improper venue.

3         27.        Defendants do not admit any of the allegations in Plaintiff's

4    Complaint except as specifically admitted herein.

5    Dated : August 21, 2020            ERICKSEN ARBUTHNOT

6

7

8                              By:   //s// Archie Chin
                                     GEORGE J. HERNANDEZ, JR., ESQ.
9                                    ARCHIE CHIN, ESQ.
                                     Attorneys for Defendants THE ONEIDA
10                                   GROUP, INC and ANCHOR HOCKING,
11                                   LLC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action; my business address is 835 Wilshire Blvd., Suite 500, Los Angeles, California 90017.

5

On August 21, 2020, I served the foregoing document described as

6

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (a)**

7

on the interested parties in this action:

8

## PLEASE SEE ATTACHED PROOF OF SERVICE LIST

9

10

<u>X</u>    by placing true and correct copies thereof enclosed in sealed envelopes addressed as follows:

11

<u>X</u>    **BY MAIL**.  I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail in the County of Los Angeles.

12

13

_    **BY PERSONAL SERVICE**.  I caused such envelopes to be delivered by hand to the offices of the addressee.

14

_    **BY FACSIMILE**.  I caused such documents to be sent to the address above via the facsimile number indicated.

15

16

17

_    **BY CM/ECF** I caused to be electronically filed a true and correct copy of the above-entitled documents with the Clerk of the Court using Case Management Filing (CM/ECF), which will send notification that such filing is available for viewing and downloading to all counsel on record electronically as required by the Court on this matter.

18

19

20

21

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

22

Executed on August 21, 2020, at Los Angeles, California.

23

24

<u>X</u>    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

25

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

26

27

28

<u>//s// Charlotte Hoover</u>
CHARLOTTE HOOVER

8          Case No. 8:20-cv-01551

1
2

Service List

3
4

*MORGAN & SAMPSON v. THE ONEIDA GROUP, INC., et. al.*
United States District Court – Central District Case No. : 8:20-cv-01551

5
6
7
8
9

Scott M. Sanders, Esq. (SBN 135753)
SANDERS & MONTALTO, LLP
21250 Hawthorne Blvd., Suite 850
Torrance, CA 90503
Tel: (310) 792-4949
Fax: (866) 792-4408

10
11

Email: scott@sandersmontalto.com

12
13

*Attorney for Plaintiff, Morgan & Sampson USA, a*
*California Joint Venture*

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28