EXHIBIT "1"

Case 8:20-cv-01551-JLS-DFM Document 2-1 Filed 08/21/20 Page 2 of 13 Page ID #:14
Electronically Filed by Superior Court of California, County of Orange, 06/16/2020 09:20:55 AM.
30-2020-01148644-CU-BC-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Lirio Sanchez, Deputy Clerk.

1  Scott M. Sanders, Esq. (SBN 135753)
   SANDERS & MONTALTO, LLP
2  21250 Hawthorne Blvd., Suite 850
   Torrance, CA 90503
3  Phone: (310) 792-4949
   Fax: (866) 792-4408
4  Email: scott@sandersmontalto.com

5  Attorneys for Plaintiff, Morgan & Sampson USA

6

7

8

9

10

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

11

## FOR THE COUNTY OF ORANGE

12

13

| | |
|---|---|
| 14 MORGAN & SAMPSON USA, a California Joint Venture | **CASE #**  30-2020-01148644-CU-BC-CJC |
| 15 | *Assigned to for All Purposes:* |
| 16 PLAINTIFF | COMPLAINT FOR:   Judge Richard Lee |
| 17 v. | 1. Breach of Written Contract. |
| 18 THE ONEIDA GROUP, INC., a Delaware | 2. Violation of *California Civil Code* §§1738.10, et seq. |
| 19 Corp.; ANCHOR HOCKING, LLC, a Delaware Limited Liability Company; and, DOES 1 | 3. Violation of *Ohio Rev. Code Ann.* §1335.11. |
| 20 through 40, inclusive. | 4. Accounting. |
| 21 DEFENDANTS | DEMAND FOR JURY TRIAL |
| 22 | COMPLAINT DEMAND: $73,178.12 |
| 23 | COMPLAINT FILED: |
| 24 | |

25     Plaintiff, Morgan & Sampson USA, for its complaint, alleges as follows:

26  ///

27  ///

1

28

## PREFATORY ALLEGATIONS

1. Plaintiff, Morgan & Sampson USA (hereinafter "PLAINTIFF" or "MORGAN & SAMPSON") is a joint venture between Morgan & Sampson, Inc. and Pacific Sales Group, Inc corporations organized and existing under the laws of the State of California, with their principal places of business in the city of Cypress, Orange County California, which is where a majority of the services under the contract alleged in the FIRST CAUSE OF ACTION below were performed by PLAINTIFF. The contract was also negotiated and signed by PLAINTIFF from its offices in Orange County California.

2. Defendant The Oneida Group, Inc. (hereinafter referred to as "ONEIDA") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in the City of Columbus Ohio. Defendant Anchor-Hocking, LLC (hereinafter referred to as "A-H") is a Limited Liability Company, and a subsidiary of ONEIDA, organized and existing under the laws of the State of Delaware, with a principal place of business in the city of Columbus in Ohio. ONEIDA and AH are hereinafter referred to collectively as "DEFENDANTS." DEFENDANTS manufacturer/produce housewares products, for worldwide sales.

3. At all times herein mentioned, MORGAN & SAMPSON was an authorized independent sales representative for DEFENDANTS' housewares products, pursuant to a written contract. Independent sales representatives work on behalf of their principals, manufacturers such as ONEIDA, to market and create product demand, and ultimately get their principals' products into the distribution chain for large retail companies; and, to solicit orders for their principals' products, in return for commission payments on sales made. As an independent sales representative for DEFENDANTS, PLAINTIFF was exclusively compensated with sales commissions, based on a percentage of sales made. PLAINTIFF was furthermore responsible for

1   paying its own expenses to cultivate and develop sales, which took many months to develop.

2   While under contract with DEFENDANTS, MORGAN & SAMPSON produced excellent sales

3   but nonetheless PLAINTIFF'S sales territory was decreased, several times while under contract,

4   so DEFENDANTS could convert that part of the territory to direct sales and thus increase their

5   profit margin, after PLAINTIFF had created a distribution chain for sales.

6
7        4. DEFENDANTS thus followed a protocol of allowing MORGAN & SAMPSON to

8   develop sales to a level that satisfied DEFENDANTS and to then unilaterally decrease the

9   territory to diminish MORGAN & SAMPSON'S sales commissions and to increase

10  DEFENDANTS' profit margins.

11       5. The causes of action stated below seek damages in excess of $25,000.00. As such, this

12  Court has jurisdiction over this action pursuant to *Code of Civil Procedure* § 88.

13       6. This action is filed in Orange County because this is the County in which *"the cause,*

14  *or some part of the cause, arose…,"* as pleaded in the FIRST CAUSE OF ACTION and one of

15  PLAINTIFF'S claims is *"for the recovery of a penalty or forfeiture imposed by statute,"* pursuant

16
17  to the SECOND CAUSE OF ACTION and THIRD CAUSE OF ACTION, below. As such, this

18  Court has jurisdiction over this action pursuant to *Code of Civil Procedure* § 393(a).

19       7. PLAINTIFF is unaware of the true names and capacities of DOES 1 through 40,

20  inclusive, and therefore sues said defendants by such fictitious names. PLAINTIFF will ask leave

21  of Court to amend this complaint to state the true names and capacities of the defendants sued as

22  DOES when the same are ascertained. PLAINTIFF is informed and believes, and thereon alleges

23  that each of the fictitiously named defendants is responsible in some manner for the occurrences

24  herein alleged, and that PLAINTIFF'S damages, as herein alleged, were proximately caused by

25  their conduct.

26
27  ///

28

COMPLAINT

**FIRST CAUSE OF ACTION**
(For Breach of Written Contract)

8. PLAINTIFF hereby refers to paragraphs 1 through 7 of the PREFATORY ALLEGATIONS and incorporates the same herein as though fully set forth in this paragraph.

9. In or about December 2018 PLAINTIFF entered into a written contract with ONEIDA and DOES 1 through 10. A true and correct copy of this contract (hereinafter sometimes referred to as "THE 2018 CONTRACT") is attached hereto as Exhibit "A." Although THE 2018 CONTRACT names "Morgan & Sampson USA, Inc." as the sales representative, that was a misnomer due to clerical error by DEFENDANTS. By the terms of THE 2018 CONTRACT, PLAINTIFF agreed to and so acted in the capacity of DEFENDANTS' authorized sales representative, from December 1, 2018 through April 30, 2020, which was the effective termination date of THE 2018 CONTRACT. A true and correct copy of DEFENDANT'S termination letter is attached hereto as exhibit "B." PLAINTIFF performed its services within a specified geographic region in the Western U.S. (hereinafter "THE TERRITORY"). DEFENDANTS thereby agreed to compensate PLAINTIFF with a sales commission for all sales made by PLAINTIFF within THE TERRITORY, at rates of either two percent (2%) for sales of *beverageware* products; or, four percent (4%) for sales other than sales of *beverageware* products. PLAINTIFF has performed all conditions, covenants, and promises required of it pursuant to the contract.

10. DEFENDANTS partially performed under the contract, and the commission payment terms therein, thus reflecting they understood their responsibility and liability to PLAINTIFF under the contract, until approximately June 2019, at which time DEFENDANTS began failing to pay commissions to PLAINTIFF for certain sales to various customers in THE TERRITORY and/or paying said commissions late, under the requirements of THE 2018 CONTRACT.

4

COMPLAINT

11.     At the time this complaint was filed, DEFENDANTS owed PLAINTIFF past due commissions totaling $53,178.12. This sum was derived from DEFENDANT'S own records on purchase orders and invoices, which they provided to PLAINTIFF. DEFENDANTS have simply failed to pay PLAINTIFF the amounts they recognize and admit are due. DEFENDANTS have shipped further products to customers in THE TERRITORY, within 30 days of the termination date. Consequently, additional commissions will be owed to PLAINTIFF, pursuant to Section 4(C) of THE 2018 CONTRACT.

12.     Although PLAINTIFF is able to specifically document the amount of sales and commissions thereby owed, for sales through the termination date, the information that forms the basis for this claim to sales commissions for sales that occurred within 30 days of termination, and which would indicate the exact amount owed, is solely within the control of DEFENDANTS, and must be obtained through discovery and/or the FOURTH CAUSE OF ACTION for an accounting.

13.     As a proximate result of these breaches, PLAINTIFF has been denied commissions and will continue to be denied commissions, all to PLAINTIFF'S damage in the current sum of $53,178.12, not including the commissions owed for sales made in the 30 days after termination.

## SECOND CAUSE OF ACTION
(For violation of *California Civil Code* §1738.10, et seq.)

14.     PLAINTIFF hereby refers to paragraphs 1 through 7 of the PREFATORY ALLEGATIONS and paragraphs 9 through 13 of the FIRST CAUSE OF ACTION and incorporates the same herein as though fully set forth in this paragraph.

15.     THE 2018 CONTRACT referred to in the FIRST CAUSE OF ACTION above is subject to the provisions of *California Civil Code* §1738.10, et seq. ("THE CALIFORNIA ACT")

5

COMPLAINT

since PLAINTIFF meets the definition of a "Wholesales Sales Representative" found in §1738.12(e) of THE CALIFORNIA ACT, DEFENDANT meets the definition of a "Manufacturer" found in §1738.12(a) of THE CALIFORNIA ACT; and, California was part of THE TERRITORY covered by PLAINTIFF, thus requiring DEFENDANTS to pay all commissions owed to PLAINTIFF pursuant to the terms of THE 2018 CONTRACT.

16.     However, DEFENDANTS and DOES 11 through 20 failed to pay all commissions owed to PLAINTIFF in the time allotted under THE 2018 CONTRACT. By willfully failing to timely pay commissions to PLAINTIFF, as required by THE 2018 CONTRACT, DEFENDANTS are subject to the penalty provisions found in §1738.15 of THE CALIFORNIA ACT. DEFENDANTS are therefore mandatorily liable to PLAINTIFF for treble the damages proven at trial. PLAINTIFF is also entitled to an award of reasonable attorneys' fees and court costs, pursuant to §1738.16 of THE CALIFORNIA ACT.

### THIRD CAUSE OF ACTION
(For violation of *Ohio Rev. Code Ann.*, §1335.11)

(*pleaded in the alternative to the second cause of action*)

17.     PLAINTIFF hereby refers to paragraphs 1 through 7 of the PREFATORY ALLEGATIONS and paragraphs 9 through 13 of the FIRST CAUSE OF ACTION and incorporates the same herein as though fully set forth in this paragraph.

18.     THE 2018 CONTRACT referred to in the FIRST CAUSE OF ACTION above is subject to the provisions of *Ohio Rev. Code Ann.*, §1335.11 ("THE OHIO ACT") since PLAINTIFF meets the definition of a "Sales Representative" found in THE OHIO ACT, and DEFENDANT meets the definition of a "Principal" found in THE OHIO ACT, thus requiring DEFENDANTS to timely pay all commissions owed to PLAINTIFF, pursuant to the terms of THE 2018 CONTRACT.

6

COMPLAINT

19.     However, DEFENDANTS and DOES 21 through 30 have failed and continue to fail to timely pay all commissions owed to PLAINTIFF under THE 2018 CONTRACT. By willfully failing to pay commissions to PLAINTIFF due at the time of termination, within 30 days of termination of THE 2018 CONTRACT, or by May 30, 2020, DEFENDANTS are therefore subject to the penalty provisions found in subsection (D) of THE OHIO ACT. By willfully failing to pay commissions to PLAINTIFF due after termination, within 13 days of the date such commissions became due under the terms of THE 2018 CONTRACT, DEFENDANTS are therefore liable to PLAINTIFF for up to treble the damages proven at trial. PLAINTIFF is also entitled to an award of reasonable attorneys' fees and court costs, pursuant to subsection (D) of THE OHIO ACT.

## FOURTH CAUSE OF ACTION

### (For an Accounting)

20.     PLAINTIFF hereby refers to paragraphs 1 through 7 of the PREFATORY ALLEGATIONS, and paragraphs 9 through 13 of THE FIRST CAUSE OF ACTION, and incorporates the same herein as though fully set forth in this paragraph.

21.     PLAINTIFF has specific knowledge of the sales in THE TERRITORY, and correspondingly the commissions therefore due, for all sales through April 30, 2020, the effective termination date. However, between May 1, 2020 and May 31, 2020, DEFENDANTS and DOES 31 through 40 undertook numerous sales transactions with customers procured by PLAINTIFF under THE 2018 CONTRACT; and, have received substantial income from such sales. However, DEFENDANTS have failed to account for and pay all commissions due and owing to PLAINTIFF for these sales, as required by the contract referred to in the FIRST CAUSE OF ACTION, above.

COMPLAINT

22.     The exact amount of all such sales and resulting commissions due to PLAINTIFF is unknown to PLAINTIFF; and cannot be ascertained without an accounting of such sales and of all amounts that DEFENDANTS received from customers, related thereto.     However, PLAINTIFF is informed and believes and thereon alleges the amount owed is in a sum not more than $15,000.00.

WHEREFOR, PLAINTIFF prays for judgment against DEFENDANTS, as follows:

### ON THE FIRST CAUSE OF ACTION

1. For compensatory contractual damages in the sum of $53,178.12.

2. For special damages in a sum according to proof.

### ON THE SECOND CAUSE OF ACTION

1. For compensatory contractual damages in the sum of $53,178.12.

2. For treble the amount of said contractual damages, pursuant to *California Civil Code* §1738.15, in the sum of $159,534.36 .

3. For attorneys' fees and court costs, pursuant to *California Civil Code* §1738.10, et seq., in a sum according to proof at trial.

### ON THE THIRD CAUSE OF ACTION

1. For compensatory contractual damages in the exact sum of $53,178.12.

2. For treble the amount of said contractual damages, pursuant to *Ohio Rev. Code Ann.*, §1335.11, in the sum of $159,534.36 .

3. For attorneys' fees and court costs, pursuant to *Ohio Rev. Code Ann.*, §1335.11, in a sum according to proof at trial.

8

COMPLAINT

## ON THE FOURTH CAUSE OF ACTION

1. For an accounting between PLAINTIFF and DEFENDANTS, as to all sales made in THE TERRITORY between May 1, 2020 and May 31, 2020 and the corresponding sales commissions due to PLAINTIFF.

2. For payment to PLAINTIFF of the amount due from DEFENDANTS as a result of the accounting, and interest on that amount at the maximum legal rate.

## On all causes of action

For such other relief as the court deems just and proper.

**DEMAND FOR JURY TRIAL IS HEREBY MADE:**

SANDERS & MONTALTO, LLP

/s/

Dated: June 18, 2020

_____
By: Scott M. Sanders, Esq.
Attorneys for Plaintiff

9

COMPLAINT

EXHIBIT "2"

Case 8:20-cv-01551-JLS-DFM    Document 2-1    Filed 08/21/20    Page 12 of 13    Page ID #:24
Electronically Filed by Superior Court of California, County of Orange, 06/18/2020 09:20:55 AM.
30-2020-01148644-CU-BC-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Lirio Sanchez, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<div style="float:right">
**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*
</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE ONEIDA GROUP, INC., a Delaware Corp. (Additional Parties Attachment is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MORGAN & SAMPSON USA, a California Joint Venture

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Orange County Superior Court, 700 W. Civic Center Dr., Santa Ana, CA 92701 | **CASE NUMBER:** *(Número del Caso):*<br>30-2020-01148644-CU-BC-CJC<br><br>Judge Richard Lee |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Sanders & Montalto, LLP, 21250 Hawthorne Blvd., Suite 850, Torrance, CA 90503; 310-792-4949

| DATE: 06/18/2020<br>*(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | 𝓎·  𝒮𝓎 | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

Lirio Sanchez

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*



**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: **Anchor Hocking, LLC, a Delaware Limited Liability Company**

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

Page 1 of 1

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Morgan & Sampson USA v. The Oneida Group, Inc., et al. | 30-2020-01148644-CU-BC-CJC |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

Anchor Hocking, LLC, a Delaware Limited Liability Company; and, DOES 1 through 40, inclusive.

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**